SPICER *v.* SPICER.

5-3670                                    397 S. W. 2d 129

Opinion delivered November 22, 1965.

[Rehearing denied January 17, 1966.]

*Jeff Mobley,* for appellant.

*Williams & Gardner,* for appellee.

JIM JOHNSON, Associate Justice. This appeal is from a divorce in which the basic issue is whether the parties were married.

Appellee Brenda Jones (Spicer) filed suit for divorce against appellant Delmas Spicer in Pope Chancery Court on February 22, 1964, alleging that the parties were married on July 20, 1963, in Oklahoma, and lived together until January, 1964. Appellee alleged indignities to the person, stated that she was enceinte, prayed separate maintenance until delivery of the child and payment of medical bills and attorneys' fees.

On March 12, 1964, the court in an interlocutory decree ordered appellant to pay $10 per week support for appellee, $125 medical expenses, $50 attorneys' fee and all other expenses incident to the birth of the child. The child was born June 9, 1964, and appellant paid all expenses as ordered. On September 14, 1964, appellant filed a motion to dismiss appellee's petition for divorce,

denying the existence of a marriage and asking that appellee be ordered to reimburse him for all sums paid pursuant to court order. After trial on December 23, 1964, the chancellor decreed that the marriage was annulled, the child was legitimate, granted appellee custody with visitation rights to appellant and ordered appellant to pay $10 per week child support. From the adverse decree comes this appeal. Appellant urges reversal of the chancellor's finding of the existence of a voidable marriage and for judgment against appellee for the sums paid by appellant under the court orders of March 12 and December 23, 1964.

Here, briefly, are the contested facts. According to appellee's testimony, the parties had been dating for some months when on September 20, 1963, they decided to get married. They drove from Hilltop to Oklahoma, went to a very small town to the home of a justice of the peace who issued them a marriage license and married them about 10:00 o'clock p.m. in the presence of his wife. Appellee was unable to remember the name of the town, the county, or the justice of the peace. They thereafter returned to Arkansas without cohabiting in Oklahoma. Appellant drove appellee to her parents' home and he returned to his mother's home that night. The parties never established a home as man and wife but did copulate thereafter occasionally, including one night at appellee's parents' home when appellant told her family that he and appellee were married, and one night in Little Rock.

It is undisputed for three months during this period appellee lived and worked in Little Rock under the name Brenda Jones, and she does not deny that she dated other young men while there.

Appellant, on the other hand, denies ever taking appellee to Oklahoma, denies marrying her, denies spending a night at her parents' home. In support of his testimony appellant produced authenticated affidavits from the keeper of the marriage records of each of Oklahoma's seventy-seven counties attesting that a search had been

made and no record of any marriage between the parties could be found in any of the seventy-seven counties. It is not contended that the parties married in Arkansas or in any place other than Oklahoma. Of course Arkansas does not recognize common law marriages. The statutes regulating and prescribing the manner and form in which marriages may be solemnized in this state are mandatory and not directory. *Furth* v. *Furth,* 97 Ark. 272, 133 S. W. 1037.

As was pointed out in *Yocum* v. *Holmes,* 222 Ark. 251, 258 S. W. 2d 535, appellee's testimony that she married appellant was sufficient to make it a question of fact as to whether a marriage took place; the burden of proof that the marriage is not valid and regular is upon the party attacking it, appellant. On trial de novo on the record before us, we find that appellant met the burden and proved by a great preponderence of the evidence that there was no valid marriage. It follows, therefore, the decree is reversed and the cause remanded for further proceedings consistent herewith.