**UNITED STATES of America, Appellee,**

v.

**Herman Lee WHITE, Appellant.**

**No. 76–1531.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1976.

Decided Dec. 7, 1976.

**1130**

Eugene J. Mazzanti, Little Rock, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty. and Richard M. Pence, Jr. and Robert L. Neighbors, Asst. U. S. Attys., Little Rock, Ark., on brief, for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

White appeals from his jury conviction on a charge of bank robbery in violation of 18 U.S.C. § 2113(d). He was sentenced to eight years imprisonment.[1] The sole issue urged on appeal is that the trial court erred in denying both the appellant and his alleged common law wife, Catherine Steele, the right to assert the marital privilege when she was called by the government to testify against appellant. We affirm.

At the time the government called Catherine Steele as a witness, defendant asserted the marital privilege, and the court then conducted a hearing out of the presence of the jury. It is conceded and the evidence was undisputed that the defendant and Catherine Steele had never been formally married; rather it was claimed that they had held themselves out as husband and wife for several years in Arkansas.

At the close of the hearing, the trial judge noted that Arkansas does not recognize common law marriages and, further, that he was not convinced that the evidence produced would be sufficient to constitute a common law marriage even in a state that recognized them.

■ Initially we note that the extent of the marital privilege is governed "by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience" under Rule 501, Federal Rules of Evidence. The general rule that one spouse cannot be compelled to be a witness against the other in criminal cases has been consistently followed in the federal courts. *Hawkins v. United States,* 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958); *United States v. Allery,* 526 F.2d 1362 (8th Cir. 1975).

■ The status of marriage has been left to the states. It has long been recognized that " '[t]he State . . . has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved,' * * *." *Sosna v. Iowa,* 419 U.S. 393, 404, 95 S.Ct. 553, 560, 42 L.Ed.2d 532 (1975), *quoting from Pennoyer v. Neff,* 5 Otto 714, 95 U.S. 714, 734–35, 24 L.Ed. 565 (1878).

■ The state of Arkansas does not recognize common law marriages. The statutes regulating and prescribing the manner and form in which marriages may be solemnized are mandatory and not directory. *Spicer v. Spicer,* 239 Ark. 1013, 397 S.W.2d 129, 130 (1966). There is no evidence that defendant and Catherine Steele have ever lived together outside the state of Arkansas. Thus it is impossible for them to have ever entered into a valid common law marriage.

Affirmed.

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, Eastern District of Arkansas, presiding.